PHILIPPI, Appellant, v. AMERICAN BRASS & MANUFACTURING COMPANY, Respondent.

St. Louis Court of Appeals, January 19, 1904.

INJUNCTION: Final Judgment. A bill in equity to reform a lease and enjoin an unlawful detainer suit, was properly dismissed where the evidence was insufficient to warrant a reformation of the lease in the manner prayed for, and where the unlawful detainer suit was already prosecuted to judgment, appealed and affirmed by the court of appeals; there was nothing left in controversy to be enjoined.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Kurt Von Reppert* and *Daniel Dillon* for appellant.

(1) It is well-settled law that a written instrument failing to express the intention of the parties will be reformed. Gillespie v. Moon, 2 Johns, C. 585; Glass v. Hubbert, 102 Mass. 41; Leitensdorfer v. Welphy, 15 Mo. 427; Page v. Higgins, 5 L. R. A. 152; Henderson v. Beasley, 137 Mo. 199; Fruin v. Crystal R. Co., 89 Mo. 397; Barlow v. Elliott, 56 Mo. App. 374; Lymann v. Campbell, 34 Mo. App. 213. (2) So long as equal or superior rights of third persons have not intervened, mutual mistake may be corrected. Harding v. Wright, 138 Mo. 11; Ezell v. Peyton, 134 Mo. 484; Morrisson v. Collier, 79 Ind. 421; Lindsay v. Davenport, 18 Ill. 375; Hudson v. Fumas, 31 Iowa 154. (3) Even after action of law on contract has been defeated, equity will re-

form a contract not in accord with the agreement. Equitable Safety Ins. Co. v. Hearne, 87 U. S., 20 Wall. 494; Maher v. Ins. Co., 67 N. Y. 291; Pitche v. Hennessy, 48 N. Y. 415. (4) The fact that defendant denies that there is a mistake, and testifies that deed was drawn according to intention of parties, will not prevent a court from granting the relief, if it is satisfied that the contract is not in accordance with the agreement, but ought to be so. Stines v. Hayes, 36 N. Y. Eq. 369; 1 Story Eq., sec. 156, 157. (5) A court of equity will correct a mistake in a written contract in furtherance of justice or where its interference is necessary to prevent the perpetration of a fraud. Henderson v. Dickey, 35 Mo. 120; Glem v. Ins. Co., 29 Mo. App. 666; Chitwood v. Russell, 36 Mo. App. 245. (6) Laches must be pleaded being equitable defense, or the objection may be raised by demurrer to the bill, where the facts appear on its face; Pike v. Mortindale, 91 Mo. 268; Burgess v. Railroad, 99 Mo. 496; Roemich v. Wamsganz, 8 Mo. App. 576. (7) In order to charge one with laches it must appear that the other party has been injured by the delay, mere lapse of time is not sufficient. Lindell Real Estate Co. v. Lindell, 142 Mo. 61.

*Rassieur & Buder* for respondent.

(1) Appellant's appeal in the unlawful detainer was rightfully dismissed by the circuit court. There was no alternative for the court. The judgment of the justice of the peace had upon motion of the appellee become final and was *res adjudicata*. To set it aside in a collateral proceeding there must be fraud in obtaining the same. R. S. 1899, secs. 3366 and 3387; Feedler v. Schroeder, 59 Mo. 364; Crim v. Crim, 162 Mo. 544; Covington v. Chamberlain, 156 Mo. 574. (2) To warrant a reformation of an instrument on the ground of a mistake, the mistake must be a mutual one. Benn v. Pritchett, 163 Mo. 560; Greditzer v. Ins. Co., 91 Mo. App. 534.

(3)  The rule that the written contract or instrument exhibits the ultimate intention and that all previous negotiations and proposals have been abandoned is a rule in equity as well as at law.  Parker v. Vanhoozer, 142 Mo. 621.  (4)  The finding of a court of equity will not be reversed unless it appears that a preponderance of the evidence is against it.  Dunivan v. Dunivan, 157 Mo. 157; Bartlett v. Brown, 121 Mo. 353; Barlow v. Elliott, 52 Mo. App. 374; Southern Commercial & Savings Bank v. Koeln, 60 Mo. App. 79.

BLAND, P. J.—This suit is by bill in equity to reform the description of real estate in a written lease and to enjoin the prosecution of a suit of unlawful detainer brought by the defendant against the plaintiff herein.  The evidence is wholly insufficient to warrant a reformation of the lease in the manner prayed for by the plaintiff.  The unlawful detainer suit was, by the plaintiff therein, prosecuted to a judgment in its favor, from which the defendant (plaintiff herein) appealed to this court.  The judgment of the circuit court in the unlawful detainer case has, on the appeal, been affirmed by this court and is final.  There is, therefore, nothing left in the controversy to be enjoined, and the judgment of the circuit court is affirmed.  *Reyburn,* and *Goode, JJ.,* concur.